UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ALVIN LEE JOHNSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CV-331-TAV-JEM |
| SEQUATCHIE COUNTY GOVERNMENT and VAN BUREN COUNTY GOVERNMENT, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner housed at the Grundy County Jail, has filed a pro se civil rights action under 42 U.S.C. § 1983 against the Sequatchie and Van Buren County Governments [Doc. 4], a motion for leave to proceed *in forma pauperis* in this cause [Doc. 3], and a motion to appoint counsel [Doc. 1]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed as a pauper, dismiss Plaintiff's motion for counsel as moot, and dismiss this case as frivolous.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 3] that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.[1]

---

[1] Plaintiff has not submitted the information required to proceed *in forma pauperis*, as he has not submitted a certified accounting of his inmate account. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has, however, submitted documentation that on September 23, 2022, he requested jail

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk also will be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. ANALYSIS

### A. Plaintiff's Allegations

Plaintiff was placed in jail in Sequatchie County after being shot in the back, thrown in an ambulance, and treated at a hospital [Doc. 4 p. 3-4]. Three years later, Plaintiff was tried on criminal charges and received a twenty-one-year sentence [*Id*. at 4]. Six years

---

officials provide the necessary information [Doc. 6]. The Court finds, therefore, that Plaintiff has attempted to comply with the Court's requirements and should not be penalized for the Grundy County Jail's failure to complete his request. Accordingly, the Court will presume for present purposes that the information presented in Plaintiff's motion for leave to proceed as a pauper is correct and would be verified by a certified inmate accounting.

later, Plaintiff pled to time served on (ostensibly) a separate criminal charge [*Id.*]. After waiting three years for a hearing on his motion for a new trial, Plaintiff was at Kelsey Davis Gas Station when he was "shot by [a] fat man wearing a sk[i] mask," and was ultimately found guilty of a crime that occurred at a Citgo gas station [*Id.*].

Plaintiff seeks a fair State trial and a civil action to prove ethical misconduct [*Id.* at 5].

B.  **Screening Standards**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983

3

does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### C. Analysis

Plaintiff's complaint challenges law enforcement's conduct incident to Plaintiff's arrest and Plaintiff's subsequent criminal sentence[s]. While Plaintiff's complaint does not contain any dates of the allegedly grievous conduct, Plaintiff's allegation that he was shot and thrown in an ambulance by law enforcement officials occurred several years ago, as Plaintiff notes that he was tried three years after that incident [*See* Doc. 4 p. 3-4]. Additionally, it is apparent that Plaintiff's claim surrounding his arrest at one gas station for an incident that occurred at another gas station also occurred years ago, as Plaintiff filed a § 1983 suit in 2016 concerning those allegations. *See Johnson v. Sequatchie Cnty.*, No. 1:16-cv-41-TAV-SKL (E.D. Tenn.).[2]

---

[2] The Court may take judicial notice of its own records. *See* Fed. R. Evid. 201(b),(c); *United States v. Doss*, 563 F.2d 265, 269 n. 2 (6th Cir. 1977).

4

Because § 1983 does not contain its own limitations period, this Court must apply Tennessee's statute of limitations for personal injury actions to § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See Tenn. Code Ann*. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs*., 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable, s*ee Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)), or when the cause of action is complete. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021) (acknowledging that the "standard" rule starting limitations period is "when the plaintiff has a complete and present cause of action").

To the extent Plaintiff's complaint alleges excessive force or the denial of medical treatment related to his arrests, any such claims are time barred. The injuries forming the basis of Plaintiff's claims were discoverable and complete at the time of his arrest and/or denial of treatment, and the instant suit was filed many years after the incidents recounted in Plaintiff's complaint. Therefore, these claims are time barred and will be dismissed as frivolous. *See, e.g., Dellis v. Corr. Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming dismissal of § 1983 claim barred by Tennessee's statute of limitations as frivolous).

Additionally, the instant action challenges the fact of Plaintiff's conviction. Judgment in his favor on any such claim would result in a speedier release from prison. Therefore, Plaintiff's federal remedy for an allegedly unconstitutional detention is through a petition for writ of habeas corpus rather than a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding inmate alleging entitlement to speedier release must pursue such relief through habeas action).

Finally, to the extent Plaintiff is seeking monetary compensation arising from his confinement, he is prohibited from obtaining such damages unless he can first prove that his conviction or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment). As the Plaintiff has not shown that his conviction or sentence has been invalidated, any claim for damages based on the fact of Plaintiff's current incarceration will be dismissed as frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct.23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed in forma pauperis [Doc. 3] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

6

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's motion to appoint counsel [Doc. 1] is **DENIED** as moot;

5. Plaintiff's complaint will be **DISMISSED** as frivolous; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Fed. R. App. P.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE